UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TERRY LEE CRISS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01533-TWP-TAB |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
SCREENING AND ORDER TO SHOW CAUSE**

This matter is before the Court on *pro se* Plaintiff Terry Lee Criss, Jr.'s ("Criss") Request to Proceed in District Court Without Prepaying the Full Filing Fee (Filing No. 2). Because he is allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. DISCUSSION

### A. Filing Fee

Criss's motion for leave to proceed *in forma pauperis* without prepaying fees or costs (Filing No. 2) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Criss's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 U.S. Dist. LEXIS 84869, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 U.S. Dist. LEXIS

106067, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

### B. Screening

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

### C. The Complaint

In his Complaint, *pro se* plaintiff Criss names the State of Indiana as the Defendant, and he alleges that Indiana has violated his First Amendment rights (Filing No. 1). Criss states that in 1994 he was convicted of child molestation, and sometime around 2014, his name was ordered to be removed from the Indiana registry, yet he is "still being targeted & red flagged when [his] background is checked." *Id.* at 1. Criss asserts that he already has "paid [his] debt to society" and

2

would like the child molestation conviction removed from his record. *Id.* at 2. He alleges that the State of Indiana is violating his First Amendment rights, he is suffering mental pain and suffering, and he requests $2.5 million in punitive damages. *Id.* at 3.

### D. Dismissal of Complaint

Based on the Complaint as currently alleged, this Court does not have jurisdiction to adjudicate the claims brought by Criss. "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

To the extent Criss seeks relief from his conviction—by having the federal court remove the child molestation conviction from his record—a judicial rule referred to as the *Rooker-Feldman* doctrine bars federal district courts from reviewing or overturning a state court's decisions such as Criss's conviction. *Scully v. Goldenson*, 751 Fed. Appx. 905, 908 (7th Cir. 2018); *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) ("the *Rooker-Feldman* doctrine bars federal jurisdiction when the federal plaintiff alleges that her injury was caused by a state court judgment . . . no matter how erroneous or unconstitutional the state court judgment may be"). As to his state court conviction, Criss must pursue that claim by filing an appeal in the state court.

The Court also notes that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If Criss wishes to challenge his physical confinement resulting from his conviction and sentence, he must do so through a petition for a writ of habeas corpus—not by initiating this civil action.

Furthermore, the allegations of Criss's Complaint raise other legal issues. First, claims for monetary damages against state entities are barred by sovereign immunity. *Cmty. Pharmacies of Ind., Inc. v. Ind. Family*, 801 F. Supp. 2d 802, 806 (S.D. Ind. 2011) ("because the State is the Defendant in this matter, [plaintiff] cannot recover monetary damages due to the sovereign immunity afforded under the Eleventh Amendment"). Additionally, as currently alleged, the Complaint fails to state a claim upon which relief may be granted. The Court cannot discern from Criss's Complaint any actions taken by the State of Indiana that deprived him of his constitutional rights. Moreover, the Court cannot discern from Criss's Complaint any actions taken by Indiana that have injured Criss in a manner that is recognized by law as a cognizable claim.

Because Criss's Complaint has failed to state a claim upon which relief may be granted as currently pled, the Complaint is subject to dismissal for lack of jurisdiction.

### E. Opportunity to Show Cause

Criss shall have through **Friday, October 28, 2022**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [*in forma pauperis*] applicant's case could be tossed out of court without giving the

applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Criss elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injury Criss claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry. The amended complaint also should demonstrate that jurisdiction is proper in this Court.

## II. **CONCLUSION**

For the reasons stated above, Criss's Request to Proceed in District Court Without Prepaying the Full Filing Fee (Filing No. 2) is **GRANTED**. Having screened the Complaint, the Court finds it is subject to dismissal for lack of jurisdiction. Criss is granted leave to file an amended complaint by no later than **Friday, October 28, 2022**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED.**

Date: 10/4/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

TERRY LEE CRISS, JR.
Decatur County Detention Center
601 South Ireland St.
Greensburg, IN 47240